**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br>*Plaintiff*<br><br>v.<br><br>PARAS HOSPITALITY INC. d/b/a BUDGETEL INN, SHAH HOSPITALITY, LLC d/b/a GULF AMERICAN INN, JAWON MARQUAN MOSELY, HOSPITALITY LODGING SYSTEMS, KAMONEY EDWARDS and LAKEYA TRIPP, individually and as Administrator of the Estate of JALEN RODGERS (deceased), et al.<br>*Defendants* | CIVIL ACTION NO.: |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW CRUM & FORSTER SPECIALTY INSURANCE COMPANY ("Crum & Forster"), and files this Original Complaint for Declaratory Relief under F.R.C.P. Rule 57 and O.C.G.A. § 9-11-55 seeking construction of the insurance policy issued to PARAS HOSPITALITY INC DBA BUDGETEL INN ("Paras Hospitality") and another insurance policy issued to SHAH HOSPITALITY, LLC DBA GULF AMERICAN INN ("Shah Hospitality"), collectively referred to below as the "Policies," and seeking a declaration that Crum & Forster's insurance

coverage is limited by the Assault and Battery Endorsement sublimit of $50,000 per each claim and $100,000.00 in the aggregate for claims made by the Defendants—(a) KAMONEY EDWARDS and (b) LAKEYA TRIPP, individually and as Administrator of the Estate of Jalen Rodgers—(collectively the "Defendants"), for bodily injuries and damages arising out of a shooting incident at Paras Hospitality's motel on July 30, 2018, showing this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Crum & Forster is a corporation duly incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. Crum & Forster issued and delivered two policies of insurance in the State of Georgia pursuant to the Georgia Insurance Code.

2.

Paras Hospitality is a domestic for profit corporation, with its principal place of business and headquarters at 2945 Gus Place, Decatur, GA 30034. As an entity organized and existing under the laws of the State of Georgia, Defendant Paras Hospitality maintains a registered agent with the Georgia Secretary of State's Office, to wit: 2945 Gus Place, Decatur, GA 30034.

3.

Paras Hospitality was transacting business within the State of Georgia on the date this incident occurred and on the date this action was commenced. This Court, therefore, has jurisdiction over Paras Hospitality.

4.

Shah Hospitality is a domestic limited liability company with its principal place of business and headquarters at 3700 Flat Shoals Rd, Decatur, GA 30034. As an entity organized and existing under the laws of the State of Georgia, Shah Hospitality maintains a registered agent with the Georgia Secretary of State's Office at 3700 Flat Shoals Rd, Decatur, GA 30034.

5.

Shah Hospitality was transacting business within the State of Georgia on the date this incident occurred and on the date this action was commenced. This Court, therefore, has jurisdiction over Shah Hospitality.

6.

Defendant Hospitality Lodging Systems, Inc. is believed to be a limited liability corporation formed in the State of Georgia having its principal place of business located at 6065 Roswell Road, Suite 950, Atlanta, Georgia, 30328 and may be served through its registered agent, Joseph Gotlieb at 284 North Main Street,

Alpharetta, Georgia.

7.

Defendant Jawon Marquan Mosely is believed to be the individual who shot Defendants. Defendant Mosely is currently incarcerated and can be served through the Georgia Department of Corrections.

8.

Defendant Kamoney Edwards is a resident of DeKalb County who can be served at 2604 Villa Point Parkway, McDonough, GA 30253.

9.

Defendant Lakeya Tripp, individually and as Administrator of the Estate of Jalen Rodgers, is a resident of DeKalb County who can be served at 2604 Villa Point Parkway, McDonough, GA 30253.

## FACTUAL BACKGROUND

10.

On or about December 29, 2019, Crum & Forster issued a Commercial General Liability policy to Paras Hospitality as Policy Number BAK-38307-1 with effective dates of December 30, 2017 to December 30, 2018. A copy of the policy is attached as Exhibit A. This Policy contained an exclusion for assault, battery, or an assault battery coverage limitation.

11.

On March 5, 2018, policy changes were made where an Assault, Battery or Assault and Battery Coverage Limitation endorsement was added with an aggregate sublimit for assault and battery of $100,000.00 and a $50,000.00 limit per each claim. These limits, however, are eroded with the payment of defense costs. A copy of the Assault, Battery or Assault and Battery Coverage Limitation endorsement is attached as Exhibit B.

12.

On or about December 29, 2019, Crum & Forster issued a Commercial General Liability policy to Shah Hospitality as Policy Number BAK-38324-1 with effective dates of December 30, 2017 to December 30, 2018. A copy of the Policy is attached as Exhibit C. This Policy contained an exclusion for assault, battery, or an assault battery coverage limitation.

13.

On March 5, 2018, policy changes were made where an Assault, Battery or Assault and Battery Coverage Limitation endorsement was added with an aggregate sublimit for assault and battery of $100,000.00 and a $50,000.00 limit per each claim. These limits, however, are eroded with the payment of defense costs. A copy of the Assault, Battery or Assault and Battery Coverage Limitation endorsement is

attached as Exhibit D.

14.

This matter arises out of an assault and battery with a deadly weapon that allegedly occurred on July 30, 2018 at the motel owned and operated by Paras Hospitality, which is called the Budgetel Inn and located at 2945 Gus Place, Decatur, GA 30034 ("Budgetel Inn"), allegedly resulting in injuries to the Defendants.

15.

On April 26, 2019, Defendant Edwards commenced an action in the State Court of DeKalb claiming injuries and damages as a result of the shooting and robbery at the Paras Hospitality. *See Kamoney Edwards v. Paras Hospitality, Inc. and Shah Hospitality, LLC*, Case No. 19-A-74181, in the State Court of DeKalb County attached as Exhibit E.

16.

Shortly thereafter, on or about April 29, 2019, counsel for Defendant Edwards learned of the policy exclusions and aggregate sublimit for $100,000.00, with a $50,000.00 limit per each claim.

17.

On September 27, 2019, Defendant Edwards filed his First Amended Complaint with the State Court of DeKalb claiming that the subject criminal incident

originated at an adjacent motel, the Gulf American Inn owned and operated by Shah Hospitality and located at 3700 Flat Shoals Road, Decatur, GA 30034 ("Gulf American Inn"). *See* First Amended Complaint attached as Exhibit F.

18.

On July 20, 2021, Defendant Edwards filed a Second Amended Complaint with the State Court of DeKalb County asserting he was in his hotel room at the Budgetel Inn, among other allegations, before being shot. *See* Second Amended Complaint attached as Exhibit G.

19.

On July 30, 2020, Defendant Tripp filed a Complaint with the State Court of DeKalb claiming injuries and damages on behalf of the estate of the deceased, Jalen Rodgers, as a result of the July 30, 2018 shooting and robbery at the Budgetel Inn. *See Lakeya Tripp individually and as Administrator of the Estate of Jalen Rodgers (deceased) v. Budgetel Inns and Suites, Paras Hospitality, Inc., Jawon Mosley, Hospitality Lodging Systems, Inc., John Doe Security, and John Doe and/or Jane Doe*, Case No. 20-A-81394, in the State Court of DeKalb County. *See* Complaint attached as Exhibit H. Defendant Tripp's lawsuit was filed against the alleged shooter, Jawon Marquan Mosely, and Paras Hospitality, who is identified by its dba, Budgetel Inn. Shah Hospitality is not a named party.

20.

In their Complaints in the underlying matters, Defendants Edwards and Tripp allege that Paras Hospitality and/or Shah Hospitality are liable to Defendants for injuries and/or damages arising from the same shooting that occurred on July 30, 2018.

**INSURANCE POLICIES**

21.

Crum & Forster issued Commercial General Liability Insurance Policy BAK-38307-1 with effective dates December 30, 2017 through December 30, 2018 to Paras Hospitality. On March 5, 2018, changes were made by endorsement to the Policy to include certain coverage for assault and battery but only with an aggregate sublimit of $100,000.00 and a $50,000.00 limit per each claim.

22.

Crum & Forster issued Commercial General Liability Insurance Policy BAK-38324-1 with effective dates December 30, 2017 through December 30, 2018 to Shah Hospitality. On March 5, 2018, changes were made by endorsement to the Policy to include certain coverage for assault and battery but only with an aggregate sublimit of $100,000.00 and a $50,000.00 limit per each claim.

23.

The pertinent policy terms as to Policy BAK-38324-1 and BAK-38324-1 are as follows:

**ASSAULT, BATTERY OR ASSAULT
AND BATTERY COVERAGE LIMITATION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** **SECTION III - LIMITS OF INSURANCE** is amended and the following is added:

8. Subject to Paragraph **5**. above, the most we will pay under **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** for any claim and/or "suit" made against you, any insured, any person, any entity or by any means whatsoever resulting from:

**1.** "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever;

**2.** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity, or by any means whatsoever;

**3.** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**4.** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**5.** "Assault", "Battery" or "Assault and Battery" arising out of the negligent employment, investigation, hiring,

**6.** the use of any force to protect persons or property whether or not the "bodily injury'" or "property damage" or "personal and

advertising injury" was intended from the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

**7.** the failure to render or secure medical treatment or care necessitated by any "Assault", "Battery" and Battery"; or

**8.** death, including any allegations of wrongful death, arising out of items **(1)** and **(7)** listed above; and to which this insurance applies is shown below for this coverage:

$ 50,000 Each Claim/$ 100,000 Aggregate

The Each Claim Limit is the most we will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of any claim and/or "suit" asserted in any one claim and/or "suit". All claims for damages made by one or more persons because of any one act or series of acts of "Assault", "Battery" or "Assault and Battery" shall be deemed to be one claim.

The Aggregate Limit is the most, subject to the Each Claim Limit, we will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of any claim and/or "suit" regardless of how many persons assert a claim or "suit" against you, any insured or any person.

The Each Claim and Aggregate Limits described above are the most we will pay regardless of the number of insureds. These Limits of Insurance are subject to and not in addition to the General Aggregate Limit shown in the Declarations of the policy. Payments under these Limits of Insurance are part of and erode the policy General Aggregate Limit of Insurance shown in the Declarations.

B. For the purposes of the Limits of Insurance provided under this endorsement:

**1.** Any actual or threatened "Assault", "Battery" or "Assault and Battery" that is included under this endorsement shall be considered to fall within the definition of "Assault", "Battery" or "Assault and Battery" found in any Sexual Abuse or Molestation Exclusion that may be a part of this policy; or

**2.** For any coverage for actual or threatened "Assault", "Battery" or

"Assault and Battery" that may also be considered as covered under a Sexual Abuse or Molestation Limitation Endorsement made a part of this policy, such coverage will be limited to the highest limit applicable. This single highest limit will be the most we will pay for any one claim for any covered actual or threatened "Assault", "Battery or "Assault and Battery".

C. **SECTION V - DEFINITIONS** is amended and the following is added:

"Assault" means:

**a.** an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or

**b.** an attempt to commit a "Battery".

"Battery" means an intentional or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

## DECLARATORY JUDGMENT

24.

A real controversy has therefore arisen and now exists between Crum & Forster and the Defendants. Accordingly, Crum & Forster desires that this Court declare the rights and duties of the parties under the Policies.

25.

The two Policies at issue contain endorsements adding certain additional coverage for assault and battery but with an aggregate sublimit of $100,000.00 and a $50,000.00 limit per each claim, and there is no duty to indemnify beyond that.

26.

Because the Defendants have disputed Crum & Forster's position on coverage, Crum & Forster brings this action asking the Court to declare and determine the rights between the parties.

27.

There is an actual, bona fide, practical need for the declaration and judgment of this Court. The persons and entities who have, or reasonably may have, an actual present, adverse, or antagonistic interest in the subject matter of this declaratory judgment action are before the Court, and relief is sought not merely to provide legal advice or to answer questions propounded from curiosity.

28.

There exists a present, ascertained or ascertainable state of facts concerning the rights and obligations of Crum & Forster under the Policies.

29.

The rights and obligations of Crum & Forster under the Policies are dependent

upon the facts and the law applicable to the facts affecting coverage under the Policies.

30.

Pursuant to F.R.C.P. Rule 57 and O.C.G.A. § 9-11-55, Crum & Forster is entitled to a declaration that coverage is limited to the aggregate sublimit of $100,000.00, with a $50,000.00 limit per each claim, as contained in the Assault, Battery or Assault and Battery Coverage Limitation endorsement of the Policies subject to the reduction of any costs of defense in the underlying matters, and there is no duty owed beyond payment of the aforementioned amounts.

31.

All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

**PRAYER**

Crum & Forster prays that Defendants be cited to appear and answer and, upon final trial, Crum & Forster be granted judgment as follows:

A. A declaration that the Policies issued by Crum & Forster provide no coverage for and no duty to defend and/or indemnify above the aggregate sublimit of $100,000.00, with a $50,000.00 limit per each claim.

B. Awarding Crum & Forster its reasonable and necessary attorneys' fees

and costs incurred in this cause as available by law; and

C. Awarding such other and further relief, both general and special, at law and in equity, to which Crum & Forster may show itself justly entitled.

This 9TH day of August, 2021.

Respectfully submitted,

*/s/ M. Austin Moretz*

M. AUSTIN MORETZ
GEORGIA BAR NO.: 529307
amoretz@gallowaylawfirm.com
TUJUANA S. MCGEE
GEORGIA BAR NO.: 185766
TMcGee@gallowaylawfirm.com

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
A Professional Law Corporation
990 Hammond Drive, Suite 210
Atlanta, Georgia 30328
Telephone: (678) 951-5100
Facsimile: (678) 951-1510
**Attorneys for Plaintiff,**
**Crum & Forster Specialty Insurance Company**

# EXHIBIT
# "A"

# EXHIBIT
# "B"

# EXHIBIT
# "C"

# EXHIBIT
# “D”

# EXHIBIT
# "E"

# EXHIBIT
# “F”

# EXHIBIT
# "G"

# EXHIBIT "H"