# EXHIBIT
# “E”

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KAMONEY EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>PARAS HOSPITALITY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 19A74181 |

**COMPLAINT**

COMES NOW Plaintiff in the above-styled action and hereby files this Complaint as follows:

1.

On July 30, 2018, Kamoney Edwards ("Plaintiff" or "Mr. Edwards") was shot and severely injured during a robbery on the premises of the Budgetel Inn and Suites, located at 2945 Gus Place, Decatur, GA 30034 ("Budgetel").

2.

At the time of the shooting, Mr. Edwards was an invited guest at Budgetel.

3.

Mr. Edwards states his intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial.

4.

Defendant Paras Hospitality, Inc. ("Paras") is a Georgia for-profit corporation authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Paras owned, managed, and/or operated the Budgetel Inn and Suites located at

STATE COURT
DEKALB COUNTY, G
4/12/2019 3:29
E-FILI

2945 Gus Place, Decatur, GA 30034 at the time of the subject robbery and shooting. Defendant Paras and its officers, agents and employees, were involved in the acts or omissions in DeKalb County, Georgia which give rise to this lawsuit. Defendant Paras committed tortious acts or omissions in DeKalb County and is subject to the jurisdiction and venue of this Court.

5.

Service can be made on Defendant Paras by serving its registered agent, Jugal Shah, located at 2945 Gus Place, Decatur, GA 30034.

6.

As a direct and proximate result of the Defendant's acts and omissions as set forth below, Mr. Edwards was shot and seriously injured at the subject Budgetel Inn and Suites.

7.

Mr. Edwards was an invitee of the Budgetel Inn and Suites and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

8.

At all times mentioned herein, Defendant owned, controlled, operated, and/or managed the premises of the Budgetel Inn and Suites, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees, including Mr. Edwards.

9.

Defendant breached the duty owed to Mr. Edwards by failing to exercise ordinary care to keep the premises safe.

10.

Prior to and on July 30, 2018, the Budgetel Inn and Suites premises was negligently maintained, inspected, secured, patrolled, and managed. Defendant had knowledge, both actual

and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

11.

Defendant was negligent in failing to maintain, inspect, secure, patrol, and manage the premises, thereby creating an unreasonable risk of injury to invitees, including Mr. Edwards.

12.

Defendant knew of or, with the exercise of due care for the safety of invitees, should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in serious injuries to invitees, including Mr. Edwards.

13.

Defendant owed a duty of care to invitees of the Budgetel Inn and Suites, including Mr. Edwards, to provide adequate security measures on the premises.

14.

Prior to and on July 30, 2018, Defendant failed to provide adequate security measures on the premises in breach of its duty of care.

15.

Defendant was aware of security deficiencies on the premises prior to the July 30, 2018 shooting at issue.

16.

Defendant failed to remedy the security deficiencies about which it was on notice prior to the July 30, 2018 shooting at issue.

17.

Defendant negligently failed to warn their invitees, including Mr. Edwards, of the security deficiencies about which it was on notice.

18.

At all times material hereto, despite its obligation to take reasonable steps to provide a safe environment at the Budgetel Inn and Suites, Defendant failed to provide adequate safety for same.

19.

Defendant negligently failed to utilize adequate security devices, including security cameras, to permit proper use of the premises.

20.

Defendant failed to utilize and keep in good repair security cameras on the subject premises.

21.

Defendant failed to employ security guards on the subject premises.

22.

Defendant failed to utilize adequate security personnel, patrols, and/or protocols.

23.

Defendant failed to utilize controlled access gates on the subject premises.

24.

Defendant failed to properly maintain the premises and its approaches.

25.

Defendant failed to utilize adequate lighting in the common areas of the premises.

26.

Mr. Edwards was shot and seriously injured in broad daylight due to a lack of appropriate security measures on the premises, and other acts of negligence as referenced herein.

27.

The failure of the Defendant to provide appropriate security on the premises contributed to the criminal acts of the unknown assailant which caused Mr. Edward's injuries.

28.

Defendant knew or, in the exercise of reasonable care, should have known that its lack of adequate security measures and failure to exercise reasonable care for the premises would increase the risk of crimes against property and persons.

29.

At no time prior to the July 30, 2018 shooting did Defendant notify its guests at the Budgetel Inn and Suites of criminal activity that had occurred on the premises.

30.

Defendant had actual and constructive knowledge of widespread criminal activity existing on and around the premises prior of the subject incident.

31.

Defendant negligently failed to warn invitees, including Mr. Edwards, of the existence of prior criminal activity and the likelihood of further criminal attacks.

32.

Defendant negligently failed to utilize adequate security devices despite having actual and constructive knowledge of widespread criminal activity on the premises and the likelihood of further criminal attacks. Defendant failed to use security cameras, security guards, adequate

fencing, controlled access gates, or other adequate security devices, thereby causing an unreasonable risk of injury and death to invitees of the premises, including Mr. Edwards.

33.

Defendant negligently failed to maintain appropriate physical barriers to prevent unauthorized entry to the Budgetel Inn and Suites, which created an unreasonable risk of injury and death to invites of the premises, including Mr. Edwards.

34.

Defendant knew or, in the exercise of reasonable care, should have known that its failure to provide reasonable and appropriate security measures on the premises would attract criminal elements to the premises and thus increase the risk that invitees of the premises would be victims of violent crime.

35.

Defendant knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous conditions existing on the premises, and that said conditions were likely to result in the injuries suffered by Mr. Edwards.

36.

Defendant breached said duties to Mr. Edwards and failed to act as similarly situated businesses in like circumstances.

37.

Defendant was negligent *per se* for having committed acts or omissions inconsistent with their statutory duty under O.C.G.A. § 51-3-1 to keep the premises and approaches of the Budgetel Inn and Suites safe for its invitees, including Mr. Edwards.

38.

Defendant had a duty, pursuant to O.C.G.A. § 44-7-13, to keep the premises of the Budgetel Inn and Suites in repair. Defendant breached this duty and is therefore liable under O.C.G.A. § 44-7-14.

39.

Defendant had actual and constructive knowledge of the dangerous and hazardous conditions existing on and around the subject premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the subject premises and the surrounding areas.

40.

Defendant failed to maintain a policy, procedure, or system of investigating, reporting, and warning of criminal activity on the premises and approaches.

41.

Because Defendant had knowledge of or, in the exercise of reasonable care, should have had knowledge of the dangerous environment of the premises, Defendant is liable for the negligent supervision, hiring, training, and retention of its employees and for the entrustment of the premises to its agents and employees. This negligence proximately caused the injuries of Mr. Edwards.

42.

Defendant represented to the invitees of the Budgetel Inn and Suites that the premises were properly maintained and reasonably safe.

43.

Defendant negligently failed to act on its knowledge of prior crimes, and failed to act to correct, prevent or warn of prior criminal activity and the dangerous environment at the subject premises.

44.

Despite its actual knowledge of the dangerous environment of the premises and absence of adequate security measures, Defendant failed to take appropriate action to remedy or reduce the danger to the invitees, including Mr. Edwards, and allowed the dangerous environment on the premises to continue to exist unabated, thereby creating a nuisance.

45.

Defendant had knowledge of the nuisance and allowed said nuisance to continue.

46.

As a direct and proximate result of said nuisance, Mr. Edwards sustained serious injuries.

47.

Defendant is liable for maintaining a public nuisance pursuant to O.C.G.A. § 41-1-3.

48.

Each of the foregoing tortious acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all of the above stated acts and omissions proximately caused the injuries to Mr. Edwards.

49.

Mr. Edwards's injuries were the direct and proximate result of the acts and omissions of Defendant. But for said acts and omissions, Mr. Edwards would not have been shot and injured.

50.

Defendant is liable for Mr. Edwards's injuries, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

51.

Defendant was negligent for all other acts of negligence as may be shown at trial.

52.

Mr. Edwards is entitled to recover punitive damages from Defendant because the actions of Defendant and its agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Mr. Edwards is entitled to recover punitive damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury.

53.

Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Mr. Edwards undue expense. Thus, Mr. Edwards is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiff prays that:

(a) Process be issued as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendant;

(c) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendant as permitted under Georgia law;

(d) Plaintiff has and recovers damages sufficient to compensate him fully, fairly, and completely for all of his losses compensable under Georgia law as set forth above;

(e) All costs be cast against the Defendant;

(f) Plaintiff has a trial by jury; and

(g) Plaintiff has such other relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

This 12th day of April, 2019.

Respectfully submitted,

**MICKELSEN DALTON, LLC**

*_/s/ Brian C. Mickelsen_*
Brian C. Mickelsen
Georgia Bar No. 300307
Daniel R. Dalton
Georgia Bar No. 451804

15 Prioleau Street
Charleston, SC 29401
678-641-9054

STATE COURT OF
DEKALB COUNTY, GA.
4/12/2019 3:29 PM
E-FILED
BY: Monica Gay