# EXHIBIT
# "F"

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KAMONEY EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>PARAS HOSPITALITY, INC. and<br>SHAH HOSPITALITY, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 19-A-74181 |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff in the above-styled action and hereby files this First Amended Complaint as follows:

1.

On July 30, 2018, Kamoney Edwards ("Plaintiff" or "Mr. Edwards") was shot and severely injured during a robbery at the Budgetel Inn and Suites, located at 2945 Gus Place, Decatur, GA 30034 ("Budgetel"). Upon information and belief, the third-party criminal attack originated at the adjacent Gulf American Inn and Suites located at 3700 Flat Shoals Road, Decatur, GA 30034. Unless stated otherwise, the two properties shall be referred to collectively as "the subject premises."

2.

At the time of the shooting, Mr. Edwards was an invited guest at Budgetel Inn and Suites.

3.

Mr. Edwards states his intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial.

STATE COURT OF
DEKALB COUNTY, GA.
9/27/2019 1:55 PM
E-FILED
BY: Shirley Penning-Pipkins

4.

Defendant Paras Hospitality, Inc. ("Paras") is a Georgia for-profit corporation authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Paras owned, managed, and/or operated the Budgetel Inn and Suites located at 2945 Gus Place, Decatur, GA 30034 at the time of the subject robbery and shooting. Defendant Paras and its officers, agents and employees, were involved in the acts or omissions in DeKalb County, Georgia which give rise to this lawsuit. Defendant Paras committed tortious acts or omissions in DeKalb County and is subject to the jurisdiction and venue of this Court.

5.

Service can be made on Defendant Paras by serving its registered agent, Jugal Shah, located at 2945 Gus Place, Decatur, GA 30034.

6.

Defendant Shah Hospitality, LLC ("Shah Hospitality") is a Georgia limited-liability company authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Shah Hospitality owned, managed, and/or operated the Gulf American Inn and Suites located at 3700 Flat Shoals Road, Decatur, GA 30034 at the time of the subject robbery and shooting. Defendant Shah Hospitality and its officers, agents and employees, were involved in the acts or omissions in DeKalb County, Georgia which give rise to this lawsuit. Defendant Shah Hospitality committed tortious acts or omissions in DeKalb County and is subject to the jurisdiction and venue of this Court.

7.

Service can be made on Defendant Shah Hospitality by serving its registered agent, Jugal Shah, located at 3700 Flat Shoals Road, Decatur, GA 30034.

8.

As a direct and proximate result of the Defendants' acts and omissions as set forth below, Mr. Edwards was shot and seriously injured.

9.

Mr. Edwards was an invitee of the Budgetel Inn and Suites and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

10.

At all times mentioned herein, Defendants owned, controlled, operated, and/or managed the subject premises, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees, including Mr. Edwards.

11.

Defendants breached the duty owed to Mr. Edwards by failing to exercise ordinary care to keep the subject premises safe.

12.

The Gulf American Inn and Suites ("Defendant Shah Hospitality, LLC") and the Budgetel Inn and Suites ("Paras Hospitality, Inc.") are adjacent to one another. Upon information and belief, on and prior to July 30, 2018, Mr. Jugal Shah ("Mr. Shah") owned or had an ownership interest in the subject premises. Upon information and belief, Mr. Shah is an owner, director, member, and/or officer of Defendants.

13.

Upon information and belief, on and prior to July 30, 2018, Defendants combined their property and labor in a joint undertaking for profit. Specifically, Defendants shared management responsibilities, personnel, bank accounts, directors, officers, and shareholders.

14.

Upon information and belief, Defendants had mutual control over the subject premises. Defendants acted as agents one to another in owning, controlling, operating and managing the subject premises.

15.

Upon information and belief, Defendants engaged in a joint venture for profit and are therefore, liable for the negligence of one another.

16.

Prior to and on July 30, 2018, the subject premises were negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

17.

Defendants were negligent in failing to maintain, inspect, secure, patrol, and manage the subject premises, thereby creating an unreasonable risk of injury to invitees, including Mr. Edwards.

18.

Defendants knew of or, with the exercise of due care for the safety of invitees, should have known of the dangerous and hazardous conditions existing on the subject premises and the failure to maintain, inspect, secure, patrol, and manage the subject premises and that said conditions were likely to result in serious injuries to invitees, including Mr. Edwards.

19.

Defendants owed a duty of care to invitees of the subject premises, including Mr. Edwards, to provide adequate security measures on the subject premises.

20.

Prior to and on July 30, 2018, Defendants failed to provide adequate security measures on the subject premises in breach of their duty of care.

21.

Defendants were aware of security deficiencies on the subject premises prior to the July 30, 2018 shooting at issue.

22.

Defendants failed to remedy the security deficiencies about which they were on notice prior to the July 30, 2018 shooting at issue.

23.

Defendants negligently failed to warn their invitees, including Mr. Edwards, of the security deficiencies about which they were on notice.

24.

At all times material hereto, despite their obligation to take reasonable steps to provide a safe environment at the subject premises, Defendants failed to provide adequate safety for same.

25.

Defendants negligently failed to utilize adequate security devices, including security cameras, to permit proper use of the subject premises.

26.

Defendants failed to utilize and keep in good repair security cameras on the subject premises.

27.

Defendants failed to employ security guards on the subject premises.

28.

Defendants failed to utilize adequate security personnel, patrols, and/or protocols.

29.

Defendants failed to utilize controlled access gates on the subject premises.

30.

Defendants failed to properly maintain the subject premises and its approaches.

31.

Defendants failed to utilize adequate lighting in the common areas of the subject premises.

32.

Mr. Edwards was shot and seriously injured in broad daylight due to a lack of appropriate security measures on the subject premises, and other acts of negligence as referenced herein.

33.

The failure of the Defendants to provide appropriate security on the subject premises contributed to the criminal acts of the unknown assailant which caused Mr. Edward's injuries.

34.

Defendants knew or, in the exercise of reasonable care, should have known that their lack of adequate security measures and failure to exercise reasonable care for the subject premises would increase the risk of crimes against property and persons.

35.

At no time prior to the July 30, 2018 shooting did Defendants notify their guests of criminal activity that had occurred on the subject premises.

36.

Defendants had actual and constructive knowledge of widespread criminal activity existing on and around the subject premises prior of the subject incident.

37.

Defendants negligently failed to utilize adequate security devices despite having actual and constructive knowledge of widespread criminal activity on the premises and the likelihood of further criminal attacks. Defendants failed to use security cameras, security guards, adequate fencing, controlled access gates, or other adequate security devices, thereby causing an unreasonable risk of injury and death to invitees of the premises, including Mr. Edwards.

38.

Defendants negligently failed to maintain appropriate physical barriers to prevent unauthorized entry to the subject premises, which created an unreasonable risk of injury and death to invites of the premises, including Mr. Edwards.

39.

Defendants knew or, in the exercise of reasonable care, should have known that their failure to provide reasonable and appropriate security measures on the premises would attract criminal elements to the premises and thus increase the risk that invitees of the premises would be victims of violent crime.

40.

Defendants knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous conditions existing on the premises, and that said conditions were likely to result in the injuries suffered by Mr. Edwards.

41.

Defendants breached said duties to Mr. Edwards and failed to act as similarly situated businesses in like circumstances.

42.

Defendants were negligent *per se* for having committed acts or omissions inconsistent with their statutory duty under O.C.G.A. § 51-3-1 to keep the premises and approaches of the subject premises safe for their invitees, including Mr. Edwards.

43.

Defendants had a duty, pursuant to O.C.G.A. § 44-7-13, to keep the subject premises in repair. Defendants breached this duty and are therefore liable under O.C.G.A. § 44-7-14.

44.

Defendants had actual and constructive knowledge of the dangerous and hazardous conditions existing on and around the subject premises through the knowledge of their shared employees and agents and due to the prior criminal activity and dangers associated with the subject premises and the surrounding areas.

45.

Defendants failed to maintain a policy, procedure, or system of investigating, reporting, and warning of criminal activity on the premises and approaches.

46.

Because Defendants had knowledge of or, in the exercise of reasonable care, should have had knowledge of the dangerous environment of the premises, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and for the entrustment of the premises to their agents and employees. This negligence proximately caused the injuries of Mr. Edwards.

47.

Defendants represented to the invitees of the subject premises that subject premises were properly maintained and reasonably safe.

48.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to correct, prevent or warn of prior criminal activity and the dangerous environment at the subject premises.

49.

Despite their actual knowledge of the dangerous environment of the premises and absence of adequate security measures, Defendants failed to take appropriate action to remedy or reduce the danger to the invitees, including Mr. Edwards, and allowed the dangerous environment on the premises to continue to exist unabated, thereby creating a nuisance.

50.

Defendants had knowledge of the nuisance and allowed said nuisance to continue.

51.

As a direct and proximate result of said nuisance, Mr. Edwards sustained serious injuries.

52.

Defendants are liable for maintaining a public nuisance pursuant to O.C.G.A. § 41-1-3.

53.

Each of the foregoing tortious acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts and omissions proximately caused the injuries to Mr. Edwards.

54.

Mr. Edwards's injuries were the direct and proximate result of the acts and omissions of Defendants. But for said acts and omissions, Mr. Edwards would not have been shot and injured.

55.

Defendants are liable for Mr. Edwards's injuries, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

56.

Defendants were negligent for all other acts of negligence as may be shown at trial.

57.

Mr. Edwards is entitled to recover punitive damages from Defendants because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Mr. Edwards is entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of an impartial jury.

58.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Mr. Edwards undue expense. Thus, Mr. Edwards is entitled to recover his necessary

expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiff prays that:

(a) Process be issued as provided by law;

(b) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

(c) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendants as permitted under Georgia law;

(d) Plaintiff has and recovers damages sufficient to compensate him fully, fairly, and completely for all of his losses compensable under Georgia law as set forth above;

(e) All costs be cast against the Defendants;

(f) Plaintiff has a trial by jury; and

(g) Plaintiff has such other relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**.

This 20th day of September, 2019.

Respectfully submitted,

**MICKELSEN DALTON, LLC**

*/s/ Brian C. Mickelsen*
Brian C. Mickelsen
Georgia Bar No. 300307
Daniel R. Dalton
Georgia Bar No. 451804

15 Prioleau Street
Charleston, SC 29401
678-641-9054