# EXHIBIT
# “H”

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LAKEYA TRIPP, individually and as Administrator of the Estate of JALEN RODGERS (deceased), | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| BUDGETEL INNS AND SUITES, PARAS HOSPITALITY, INC, JAWON MARQUAN MOSELY HOSPITALITY LODGING SYSYTEMS, IN., JOHN DOE SECURITY and JOHN DOE and/or JANE DOE (Persons and/or Entities), | ) | CIVIL ACTION FILE NO: 20A81394 |
| Defendant(s). | ) | |

**<u>PLAINTIFF'S COMPLAINT FOR DAMAGES</u>**

COMES NOW, Lakeya Tripp, by and through her undersigned counsel Kenneth S. Nugent, P.C., McConnell Law LLC, and files this her Complaint for Damages against Defendants Budgetel Inns and Suites, Paras Hospitality. Inc, Jawon Marquan Mosely, Hospitality Lodging Systems, Inc., John Doe Security, and John Doe and/or Jane Doe 1-3 (persons and/or entities), and shows this Honorable Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1.

Plaintiff Lakeya Tripp, mother and Administrator of the Estate of the deceased, Jalen Rodgers resides in Stone Mountain, Georgia, and subjects herself to the jurisdiction and venue of this Court.

**STATE COURT OF DEKALB COUNTY, GA.**
**7/30/2020 4:50 PM**
**E-FILED**
**BY: Monique Roberts**

2.

Defendant Budgetel Inns and Suites, (hereinafter "Budgetel") is the owner/proprietor of Budgetel Inns and Suites complex located at 2945 Gus Place, Dekalb County, Decatur, Georgia, 30034. Budgetel Inns and Suites can be served with process through its manager and registered agent, Jugal Shah at that address.

3.

Defendant Paras Hospitality, Inc. (hereinafter "Paras") is the owner/proprietor of the Budgetel Inns and Suites complex located at 2945 Gus Place, Dekalb County, Decatur, Georgia, 30034 and can be served through its registered agent, Jugal Shah at that address.

4.

Jawon Marquan Mosely is believed to be the individual who shot and killed Jalen Rodgers as further detailed herein. Defendant Mosely is currently incarcerated and can be served through the Georgia Department of Corrections.

5.

Hospitality Lodging Systems In. is a limited liability corporation formed in the State of Georgia having its principal place of business located at 6065 Roswell Road, Suite 950, Atlanta, Georgia, 30328 and may be served through its registered agent, Joseph Gotlieb at 284 North Main Street, Alpharetta, Georgia.

6.

John Doe Security is an unknown security agency who may be responsible for providing security at the premises located at 2945 Gus Place, Dekalb County, Decatur, Georgia, 30034. This

entity is presently unknown but may become known. Such Doe Defendant is, or may be, liable for some or all of Plaintiff's claims as set forth herein and, if so, and upon discovery of its identity, shall be substituted as a party Defendant and be served with Complaint, summons and a process as provided by law, and each such substitution will relate back to the original filing date of the Complaint pursuant to O.C.G.A. § 9-11-15(c).

7.

Defendants John Doe and Jane Doe 1-3 are persons or entities, or other persons or entities, whose names and identities are presently unknown, but which may become known. Such Doe Defendants are, or may be, liable for some or all of Plaintiff's claims as set forth herein and, if so, and upon discovery of their identities, each person shall be substituted as a party Defendant and be served with Complaint, summons and a process as provided by law, and each such substitution will relate back to the original filing date of the Complaint pursuant to O.C.G.A. § 9-11-15(c).

8.

This action is for damages sustained by Jalen Rodgers as a result of Mr. Rodgers being shot and killed at Budgetel Inns and Suites; a property owned, operated, and/or managed by Defendants.

9.

Each Defendant transacts business within the State of Georgia and has engaged tortious activity within the State of Georgia, and are sometimes collectively referred to herein as "Defendants."

10.

This Court has subject matter jurisdiction over the matters at issue in this civil action; to wit: (a) Negligence *Per Se*; (b) Negligence; (c) Punitive Damages; and (d) Attorney's Fees, caused by Defendants' aforementioned tortious activity.

11.

Jurisdiction and Venue are proper in this Honorable Court pursuant to O.C.G.A. § 9-10-91, O.C.G.A. § 14-2-510, and Ga. Const. Art 6, § 2, ¶ IV and VI.

**FACTS**

12.

At all times mentioned herein, Defendants owned, operated, controlled and/or managed the hotel complex known as Budgetel Inns and Suites, located at 2945 Gus Place, Dekalb County, Georgia, 30034.

13.

Defendants, in order to gain revenue, by express or implied invitation, induce or lead others to come onto their premises in order to attain short-term tenancy and patrons of the hotel.

14.

Prior to, and as of July 30, 2018, Budgetel Inns and Suites and the surrounding area, were notorious for being places of "high criminal activity" with a potential for danger and hazardous situations.

15.

Within the period of six months directly preceding July 30, 2018, the Dekalb County Police Department had been called and/or responded to multiple reports of crime and violence at Budgetel Inns and Suites, including, but not limited to, assault and battery, criminal trespass, robbery, the

sale of cocaine, several deaths, carrying a concealed weapon, terroristic threats, burglary, stalking, and various weapons offenses.

16.

Defendants and their employees and agents were aware of these reported incidents, and the dangerous conditions then existing on the premises.

17.

On July 30, 2018, the date of the incident comprising the basis of this lawsuit, Mr. Rodgers was a guest of the Budgetel Inns and Suites and invitee of Defendants.

18.

On the morning of July 30, 2018, Jalen Rodgers was sitting in his room, peacefully enjoying his morning, when a man, later identified as Jawon Marquan Mosely forcibly entered into the room and being unprovoked, shot Plaintiff Jalen Rodgers. Mr. Rodgers was pronounced dead at the scene by medical personal.

19.

Jawon Marquan Mosely fled the scene of the shooting and remained at large until his arrest.

20.

Mr. Rodgers exercised ordinary care and diligence at all times herein and under the circumstances then existing.

21.

As a direct and proximate result of the aforesaid shooting, Jalen Rodgers was killed, his estate incurred funeral expenses; and Mr. Rodgers suffered physical and mental anguish, and conscious pain and suffering.

**COUNT I – NEGLIGENCE *PER SE***

22.

Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 21 as if fully stated herein.

23.

O.C.G.A. § 51-3-1 states that where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

24.

Defendants, under O.C.G.A. § 51-3-1, and as owners and managers of Budgetel Inns and Suites, as well as by inducing people to come onto their property for the lawful purpose of tenancy, had a duty to exercise ordinary care in keeping their premises and approaches safe.

25.

Defendants negligently breached the duty created by O.C.G.A. § 51-3-1 by failing to exercise ordinary care in keeping their premises and approaches safe thereby allowing a dangerous armed man onto their property thus allowing Jalen Rodgers to be shot and killed.

26.

Because Defendants failed to exercise ordinary care in keeping its premises and approaches safe, their actions are the direct and proximate cause of Plaintiff's damages.

27.

Defendants' violation of O.C.G.A. § 51-3-1 constitutes negligence *per se*, as the statute referenced above was intended to prevent the aforementioned harm to Mr. Rodgers and to protect

people who lawfully use the premises of another, from injury and damages such as the ones sustained here. Defendants were and are negligent *per se.*

28.

Plaintiff is therefore entitled to compensation in an amount and manner to be proven at trial.

**COUNT II - NEGLIGENCE**

29.

Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 28 as if fully stated herein.

30.

Defendants had a duty to exercise ordinary care in in keeping their premises and approaches safe.

31.

Prior to and on July 30, 2018, Defendants controlled maintenance, inspection, security, and management of the Budgetel Inns and Suites premises, and had the legal duty to keep the premises and approaches in a state consistent with the due regard for the safety of their resident invitees and guest invitees, including Jalen Rodgers.

32.

Prior to and on July 30, 2018, Defendants' breached their duty, when Budgetel Inns and Suites was negligently maintained, inspected, secured, patrolled, and managed, as Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage said property, but failed to exercise ordinary care in doing so.

33.

Defendants negligently represented to their resident invitees, and guest invitees, that the property at issue was safe and properly maintained. Mr. Rodgers relied on these representations.

34.

Defendants had actual and constructive knowledge of criminal activity existing on their property prior to the attack on Jalen Rodgers. Said prior criminal activity was permitted to exist and remain at said premises.

35.

Defendants knew, or with the exercise of due care for the safety of their resident invitees, and guest invitees, should have known of, the dangerous and hazardous conditions existing on the premises and that the failure to maintain, inspect, secure, patrol, and manage the premises was likely to result in the injuries and death of Jalen Rodgers.

36.

Defendants had actual knowledge of the dangerous and hazardous conditions and criminal activity existing at the premises due to the direct knowledge of their employees and agents.

37.

Defendants had constructive knowledge of the dangerous, hazardous conditions, and criminal activity existing at the premises through the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

38.

Defendants breached their duties and were negligent in failing to maintain, inspect, secure, patrol, and manage the premises at issue; thereby creating an unreasonable risk of injury to their resident invitees and guest invitees, including Jalen Rodgers.

39.

Defendants had a duty to warn their resident invitees and guest invitees, including Jalen Rodgers, of the existence of the aforementioned criminal activity and dangerous and hazardous conditions existing on the premises, and of the foreseeable likelihood of further criminal attacks.

40.

Defendants breached their duties and negligently failed to warn their resident invitees and guest invitees, including Mr. Rodgers, of the existence of the aforementioned criminal activity and dangerous and hazardous conditions existing on the premises, and the foreseeable likelihood of further criminal attacks, thereby causing an unreasonable risk of injury to their resident invitees and guest invitees, including Jalen Rodgers.

41.

Defendants had a duty to maintain adequate security devices and/or personnel to permit safe and proper use of the property, thereby preventing an unreasonable risk of injury to their resident invitees and guest invitees, including Jalen Rodgers.

42.

Defendants breached their duties and failed to use or maintain adequate security devices and personnel to permit proper use of the property, thereby causing an unreasonable risk of injury to their resident invitees and guest invitees, including Jalen Rodgers.

43.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to correct, prevent, or warn of prior criminal activity, loitering or trespassing, and the dangerous environment of said property.

44.

Defendants failed to take appropriate action to remedy or reduce the danger to their resident invitees and guest invitees, including Mr. Rodgers, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

45.

Defendants had a duty to maintain a policy, procedure, or system of investigating, reporting, and warning resident invitees and guest invitees of the aforementioned criminal activity and dangerous and hazardous conditions on the premises.

46.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, or warning resident invitees and guest invitees of the aforementioned criminal activity and dangerous and hazardous conditions existing on the property, thereby causing the damages and injuries to Jalen Rodgers.

47.

Defendants had a duty to exercise reasonable care in hiring, training, supervising, and retaining their employees as well as in the entrustment of their property to their agents and employees.

48.

Defendants breached their duty and failed to exercise ordinary care in hiring, training, supervising, and retaining their employees as well as in entrusting their property to their agents and employees, thereby causing the damages and injuries sustained by Jalen Rodgers.

49.

Defendants negligently failed to provide adequate security protection, security personnel, or an outside security presence on the property.

50.

Defendants' showed negligence in:

a) Failing to exercise ordinary care in keeping the premises and approaches safe;

b) Failing to maintain, inspect, secure, patrol, and manage the premises at issue;

c) Representing to their resident invitees and guest invitees, including Jalen Rodgers, that the property at issue was properly maintained;

d) Failing to warn their resident invitees and guest invitees, including Jalen Rodgers, of the existence of the aforementioned criminal activity and dangerous and hazardous conditions existing on the premises, and the foreseeable likelihood of further criminal attacks;

e) Failing to use or maintain adequate security devices, and/or hire, train, supervise, and retain adequate personnel to permit proper use of the property;

f) Failing to act on their knowledge of prior crimes;

g) Failing to act to correct, prevent, or warn of prior criminal activity, loitering or trespassing, and the dangerous environment of said property;

h) Failing to take appropriate action to remedy or reduce the danger to their resident invitees and guest invitees;

i) Failing to maintain a policy, procedure, or system of investigating, reporting, or warning resident invitees and guest invitees, including Jalen Rodgers, of the aforementioned criminal activity and dangerous and hazardous conditions existing on the property;

j) Failing to exercise ordinary care in hiring, training, supervising, and retaining as well as in entrusting their property to their agents and employees; and by

k) Failing to provide adequate security protection, security personnel, or an outside security presence on the property

Such actions or lack thereof were the cause in fact and proximate cause of Jalen Rodgers death.

51.

The injuries sustained by Jalen Rodgers were the direct and proximate result of the negligence of the Defendants. But for said negligence, Jalen Rodgers would not have suffered injuries and death. Accordingly, Defendants are liable for the pain and suffering he sustained, as well as the death of Jalen Rodgers. Defendants are liable to Plaintiff directly, as well as under the theories of *respondeat superior* and agency principles.

52.

As a proximate and foreseeable result of the actions and inactions of Defendants, Jalen Rodgers suffered serious injuries, enduring pain and suffering, mental anguish, death as well as other damages as will be proven at trial and permitted under Georgia law. Plaintiff states her intention to seek all compensatory special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past pain and suffering;

c) Disability;

d) Mental Anguish;

e) Loss of capacity for the enjoyment of life;

f) Inability to labor;

g) Incidental expenses;

h) Loss of earning capacity;

i) Past medical expenses;

j) Wrongful death; and

k) Consequential damages to be proven at trial.

53.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all of the above stated acts were the proximate causes of the death of Jalen Rodgers, Defendants are therefore liable to Plaintiff for his injuries and for all damages recoverable under Georgia law.

## COUNT III – PUNITIVE DAMAGES

54.

Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 63 as if fully stated herein.

55.

Plaintiff is entitled to recover punitive damages, from each of the Defendants, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of conscious indifference to consequences. The Defendants acted with willful misconduct malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of conscious indifference to consequences. The conduct of the Defendants amounts to a specific intent to cause harm so as to entitle Plaintiff to punitive damages without limitation or cap.

## COUNT IV – ATTORNEY'S FEES

56.

Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 55 as if fully stated herein.

57.

Defendants' actions evidenced bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**WHEREFORE**, Plaintiff prays that:

(a) That service of process be issued as to each Defendant, as provided by law;

(b) For a trial by jury;

(c) That plaintiff be awarded actual damages in amounts to be proven at trial;

(d) For all medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present, and future;

(e) That Plaintiff be awarded all damages for Mr. Rodgers' pain and suffering, and all general, special, compensatory, economic, incidental, punitive, consequential, and all other damages permissible under Georgia law;

(f) That Plaintiff be awarded costs and expenses of this litigation including reasonable attorneys' fees as allowed by law; and

(g) For any and all such further relief that this Honorable Court deems just and proper

Respectfully submitted, this 30th day of July, 2020

[Signatures to follow]

**McCONNELL LAW LLC**

*/s/ T. Stephen McConnell*
T. Stephen McConnell
Georgia Bar No: 485006
*Attorneys for Plaintiff*

990 Hammond Drive, Suite 840
One Lakeside Commons
Atlanta, Georgia 30328
(404) 220-9998 tel
(404) 665-3476 fax
steve@mcconnelllaw.com

**KENNETH NUGENT, P.C.**

*/s/ Christopher Adams*
Christopher J. Adams
Georgia Bar No. 002709
*Attorneys for Plaintiff*

1355 Peachtree Street, Suite 1000
Atlanta, Georgia. 30309
(404) 253-5839 tel
(404) 872-7569 fax
cadams@attorneykennugent.com

STATE COURT OF
DEKALB COUNTY, GA.
7/30/2020 4:50 PM
E-FILED
BY: Monique Roberts